# MEMORANDUM DECISION

## ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 29 2016, 5:56 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Ruth Johnson
Deborah Markisohn
Marion County Public Defender
Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| T.J., <br> *Appellant-Defendant*, <br> v. <br> State of Indiana, <br> *Appellee-Plaintiff*. | January 29, 2016 <br><br> Court of Appeals Case No. 49A05-1501-JV-21 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Marilyn A. Moores, Judge <br><br> Trial Court Cause No. 49D09-1402-JD-286 |

**Kirsch, Judge.**

[1] T.J. appealed his juvenile delinquency adjudication for committing an act that would have been murder if committed by an adult. In a memorandum decision, we affirmed the judgment of the juvenile court. *T.J. v. State*, No. 49A05-1501-JV-21 (Ind. Ct. App. Nov. 9, 2015). T.J. petitions for rehearing, arguing that we "failed to address T.J.'s Article 1, Section 13 argument that he was deprived of the ability to confront and cross-examine Dr. Tashjian 'face to face.'" *Pet. for Reh'g* at 4. We grant T.J.'s petition, write to explain our reasoning, and affirm our decision.

[2] During T.J.'s delinquency hearing, the State offered into evidence the autopsy of the murder victim, Ty.A., and the testimony of pathologist Dr. Sozio. T.J. objected, reasoning that Dr. Sozio neither conducted Ty.A.'s autopsy nor prepared the report; instead, Dr. Sozio was "vouching" for a report prepared by and based on the autopsy performed by Dr. Tashjian. *Tr.* at 22. T.J. argued, in part, that the autopsy itself was hearsay and that Dr. Sozio was not qualified to speak to its findings and conclusions and could not be crossed-examined on those matters because he had played no part in the autopsy or the preparation of the report. *Id.*

[3] T.J.'s delinquency hearing resulted in a 362-page transcript. In that transcript, there was no mention of the Sixth Amendment or Article 1, section 13, and the issue of T.J.'s inability to confront a witness was referenced on only two pages. *Id.* at 22, 24. While we found the mention of "confrontation" sufficient for T.J. to have preserved for appeal a claim under the Sixth Amendment to the United States Constitution, T.J. did not raise a specific objection to the admission of

the autopsy report under Article 1, section 13 of the Indiana Constitution. *Id*. Accordingly, T.J.'s claim of State Constitutional error in the admission of the autopsy report would have been waived. *See Armstrong v. State*, 22 N.E.3d 629, 640 (Ind. Ct. App. 2014) (party may not object to admission of evidence on one ground at trial and seek reversal on appeal based on different ground), *trans. denied*.

[4]     Waiver notwithstanding, had T.J. specifically objected to the admission of the autopsy report pursuant to Article 1, section 13, any error in the admission of that report would have been harmless. Dr. Sozio testified about the external and internal injuries to, and the absence of stippling and powder burns on, Ty.A.'s body. Using the autopsy report, Dr. Sozio also testified about the trajectory of the lethal bullet and that the cause of death was homicide. However, consistent with our analysis of T.J.'s Sixth Amendment claim, the State placed no reliance on the autopsy to prove its case. T.J.'s conviction did not hinge on the proximity of the gun, the trajectory of the bullet, or the injuries Ty.A. sustained. Further, it was of no import that Dr. Sozio testified about Dr. Tashjian's conclusion that the cause of death was homicide. *Tr*. at 35. T.J. made no claim that Ty.A. died accidentally or as the result of a suicide. The only theory offered to the juvenile court was that Ty.A. died as the result of a gunshot wound to the chest. Ty.A.'s sister testified that she and her brother were approached by two men, one of the men pointed a gun to her brother's chest and, without provocation, shot Ty.A. dead. The fact that this was a

homicide was not in question; the issue was whether the evidence was sufficient to support a true finding that T.J. had committed murder.

[5] Petition for rehearing granted and decision affirmed.

Najam, J., and Barnes, J., concur.